## VITUPERATIVE LANGUAGE NOT BASIS OF ACTION FOR SLANDER.

Circuit Court of Medina County.

BENJAMIN LOHR v. LYMAN C. BUFFINGTON.

Decided, May, 1907.

*Slander—Special Damages to One's Business—Not Slanderous per se.*

1. To make words actionable because of their effect upon one's business or office, they must be said with reference to something connected with such business or office.
2. The words, "He was a son of a bitch; he had his farm given to him and then he tried to cheat his brothers out of everything they had," are not slanderous *per se*.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are as they were in the court below.  Lohr sued Buffington for slander, alleging that Buffington said to him, in the presence of divers good people, the following words: "You put them poles back in again; if you say you had a right to you are a God damn liar.  You had your farm given to you, and then you tried to cheat your brothers out of everything they have."

The petition also charges that the defendant said to and in the presence of divers good people, speaking of the plaintiff, the following words: "He was a son of a bitch; he had his farm given to him and then he tried to cheat his brothers out of everythink they had."

The plaintiff says that he was, at the time these words were spoken, an officer, to-wit, a director of the Medina County Telephone Company, and that by reason of these words, he suffered in his official position.

To this petition a general demurrer was filed and sustained by the court below, and the only question here is, as to whether such demurrer should have been sustained.

We do not understand that the words spoken are such as could have affected in any wise the plaintiff in his position as such director of the telephone company.  It is not alleged that it affected the business of the telephone company or that it interfered in any wise with his work as such director.  Nothing is said in the words about his action as an officer of this company, and to make the words actionable because of their effect upon one's business or office, they must be said with reference to something connected with such business or office.

In *Newell on Slander*, Chapter VIII, paragraph 2, it is said:

"It by no means follows that all words to the disparagement of an officer, professional man or trader will for that reason, without proof of special damage, be actionable in themselves. Words to be actionable on this ground must touch the plaintiff in his office, profession or trade.  They must be shown to have been spoken of the party in relation thereto, and to be such as would prejudice him therein.

"It is true that words may be of such a character imputing dishonesty and fraud as necessarily would injure one in any

position of trust or confidence, as in Section 37 of the chapter referred to in Howell on Slander, it is said:

"'But when they convey only a general imputation upon his character, equally injurious to any one of whom they might be spoken, they are not actionable unless such application be made."

This is a quotation from the opinion of Andrews, Judge, in the case of *Sanderson* v. *Caldwell*, 45 New York, 398.

In *Goldsmith* v. *Levy*, 8th Ohio Dec. (Reprint), 146, it is said:

"Mere vituperative language of general abuse of a professional man is not actionable, unless it has reference to his conduct in his profession."

We think it clear that unless the words charged in this petition as having been spoken of the plaintiff are actionable *per se*, the demurrer was properly sustained.

We come then to consider whether the words are actionable *per se*.

In *Hollingsworth* v. *Shaw*, 19 Ohio St., 432, it is said:

"Words to be actionable, must either have produced a temporal loss to the plaintiff in special damage sustained or they must convey a charge of some act criminal in itself, and indictable as such, and subjecting the party to an infamous, more especially a corporal punishment; or some indictable offense involving moral turpitude."

In *Brown* v. *Myers*, 40 Ohio St., 99, it is said in the syllabus:

"An action of slander can not be maintained for words which impute a crime, where, from all that was said at the time the words were spoken, it appears that the words had relation to a transaction that was not criminal, and that they must have been so understood by the hearers."

In *Hollingsworth* v. *Shaw*, 19 Ohio St., at 431, it is said in the syllabus:

"An action of slander can not be maintained for calling the plaintiff a deserter, without averment and proof of special damage."

And in the opinion in that case Judge Scott uses this language:

"These authorities and the general current of decisions, warrant us in saying that to render words actionable *per se*, on the ground that they impute criminality to the plaintiffs, they must first, be such as charge him with an indictable offense; and, high degree of moral turpitude or subject the offender to infamous punishment."

From these authorities, and the several cases cited, to which attention has been called, we come to the conclusion that the words charged in this petition are not actionable *per se* and having already found that they are not actionable by reason of any special damage alleged to have been sustained by the plaintiff, the demurrer was properly sustained, and the judgment is affirmed.